UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RICARDO PAYAMPS,

                                Case No. 15-cv-01308 (SLT) (RML)

              Plaintiff,

  -against-

                               **ANSWER**

KHALIL DELI & GROCERY, INC., and
KHALIL AL FALHANI,

             Defendants.
------------------------------------------------------------------X

       Defendants KHALIL DELI & GROCERY, INC., and KHALIL AL FALHANI, (hereinafter, "Defendants"), by their counsel, Kaufman Dolowich & Voluck, LLP, as and for their Answer to Plaintiff's Complaint (hereinafter the "Complaint"), set forth the following:

       1.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "1" of the Complaint.

## AS AND FOR DEFENDANTS' RESPONSE
## TO PLAINTIFF'S PRELIMINARY STATEMENT

       2.     Defendants deny the allegations set forth in Paragraph "2" of the Complaint.

## AS AND FOR DEFENDANTS' RESPONSE
## TO PLAINTIFF'S JURISDICTION AND VENUE

       3.     Defendants deny the allegations set forth in Paragraph "3" of the Complaint.

       4.     Defendants neither admit nor deny the allegations set forth in Paragraph "4" of the Complaint as it consists of a legal conclusion to which no response is required, and respectfully refer all questions of law to the Court.

       5.     Defendants deny the allegations set forth in Paragraph "5" of the Complaint.

### AS AND FOR DEFENDANTS' RESPONSE
### TO PLAINTIFF'S DEMAND FOR A TRIAL BY JURY

6. Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "6" of the Complaint.

### AS AND FOR DEFENDANTS' RESPONSE
### TO PLAINTIFF'S PARTIES

7. Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "7" of the Complaint.

8. Defendants admit the allegations set forth in Paragraph "8" of the Complaint.

9. Defendants admit the allegations set forth in Paragraph "9" of the Complaint.

### AS AND FOR DEFENDANTS' RESPONSE
### TO PLAINTIFF'S STATEMENT OF FACTS

10. Defendants admit the allegations set forth in Paragraph "10" of the Complaint.

11. Defendants deny the allegations set forth in Paragraph "11" of the Complaint.

12. Defendants deny the allegations set forth in Paragraph "12" of the Complaint.

13. Defendants deny the allegations set forth in Paragraph "13" of the Complaint.

14. Defendants deny the allegations set forth in Paragraph "14" of the Complaint.

15. Defendants deny the allegations set forth in Paragraph "15" of the Complaint.

16. Defendants deny the allegations set forth in Paragraph "16" of the Complaint.

17. Defendants neither admit nor deny the allegations set forth in Paragraph "17" of the Complaint as it consists of a legal conclusion to which no response is required, and respectfully refer all questions of law to the Court.

18. Defendants deny the allegations set forth in Paragraph "18" of the Complaint.

19. Defendants deny the allegations set forth in Paragraph "19" of the Complaint.

20. Defendants deny the allegations set forth in Paragraph "20" of the Complaint.

21. Defendants neither admit nor deny the allegations set forth in Paragraph "21" of the Complaint as it consists of a legal conclusion to which no response is required, and respectfully refer all questions of law to the Court.

22. Defendants deny the allegations set forth in Paragraph "22" of the Complaint.

23. Defendants deny the allegations set forth in Paragraph "23" of the Complaint.

24. Defendants deny the allegations set forth in Paragraph "24" of the Complaint.

**AS AND FOR DEFENDANTS' RESPONSE**
**TO PLAINTIFF'S FIRST CAUSE OF ACTION**

25. Defendants repeat and re-allege each and every response to every allegation set forth in the preceding Paragraphs as though set forth at length herein.

26. Defendants neither admit nor deny the allegations set forth in Paragraph "26" of the Complaint as it consists of a legal conclusion to which no response is required, and respectfully refer all questions of law to the Court.

27. Defendants neither admit nor deny the allegations set forth in Paragraph "27" of the Complaint as it consists of a legal conclusion to which no response is required, and respectfully refer all questions of law to the Court.

28. Defendants deny the allegations set forth in Paragraph "28" of the Complaint.

29. Defendants deny the allegations set forth in Paragraph "29" of the Complaint.

30. Defendants deny the allegations set forth in Paragraph "30" of the Complaint.

**AS AND FOR DEFENDANTS' RESPONSE**
**TO PLAINTIFF'S SECOND CAUSE OF ACTION**

31. Defendants repeat and re-allege each and every response to every allegation set forth in the preceding Paragraphs as though set forth at length herein.

32. Defendants neither admit nor deny the allegations set forth in Paragraph "32" of the Complaint as it consists of a legal conclusion to which no response is required, and respectfully refer all questions of law to the Court.

33. Defendants neither admit nor deny the allegations set forth in Paragraph "33" of the Complaint as it consists of a legal conclusion to which no response is required, and respectfully refer all questions of law to the Court.

34. Defendants deny the allegations set forth in Paragraph "34" of the Complaint.

35. Defendants deny the allegations set forth in Paragraph "35" of the Complaint.

36. Defendants deny the allegations set forth in Paragraph "36" of the Complaint

**AS AND FOR DEFENDANTS' RESPONSE
TO PLAINTIFF'S THIRD CAUSE OF ACTION**

37. Defendants repeat and re-allege each and every response to every allegation set forth in the preceding Paragraphs as though set forth at length herein.

38. Defendants neither admit nor deny the allegations set forth in Paragraph "38" of the Complaint as it consists of a legal conclusion to which no response is required, and respectfully refer all questions of law to the Court.

39. Defendants deny the allegations set forth in Paragraph "39" of the Complaint.

40. Defendants deny the allegations set forth in Paragraph "40" of the Complaint.

41. Defendants deny the allegations set forth in Paragraph "41" of the Complaint.

**AS AND FOR DEFENDANTS' RESPONSE
TO PLAINTIFF'S FOURTH CAUSE OF ACTION**

42. Defendants repeat and re-allege each and every response to every allegation set forth in the preceding Paragraphs as though set forth at length herein.

43. Defendants neither admit nor deny the allegations set forth in Paragraph "43" of the Complaint as it consists of a legal conclusion to which no response is required, and respectfully refer all questions of law to the Court.

44. Defendants neither admit nor deny the allegations set forth in Paragraph "44" of the Complaint as it consists of a legal conclusion to which no response is required, and respectfully refer all questions of law to the Court.

45. Defendants admit the allegations set forth in Paragraph "45" of the Complaint.

46. Defendants deny the allegations set forth in Paragraph "46" of the Complaint.

47. Defendants deny the allegations set forth in Paragraph "47" of the Complaint.

48. Defendants deny the allegations set forth in Paragraph "48" of the Complaint.

**AS AND FOR DEFENDANTS' RESPONSE
TO PLAINTIFF'S FIFTH CAUSE OF ACTION**

49. Defendants repeat and re-allege each and every response to every allegation set forth in the preceding Paragraphs as though set forth at length herein.

50. Defendants neither admit nor deny the allegations set forth in Paragraph "50" of the Complaint as it consists of a legal conclusion to which no response is required, and respectfully refer all questions of law to the Court.

51. Defendants deny the allegations set forth in Paragraph "51" of the Complaint.

52. Defendants deny the allegations set forth in Paragraph "52" of the Complaint.

53. Defendants deny the allegations set forth in Paragraph "53" of the Complaint.

**AS AND FOR DEFENDANTS' RESPONSE
TO PLAINTIFF'S PRAYER FOR RELIEF**

54. Defendants deny that Plaintiff is entitled to any of the relief sought in Paragraphs "(A)" through "(I)" of the Prayer for Relief in the Complaint.

## STATEMENT OF AFFIRMATIVE DEFENSES
## AND OTHER DEFENSES

55. Defendants reserve the right to plead additional separate and affirmative defenses, which may be ascertained during the course of discovery in this action or otherwise. Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have.

### AS AND FOR DEFENDANTS' FIRST DEFENSE

56. Plaintiff has failed to state a claim upon which relief can be granted.

### AS AND FOR DEFENDANTS' SECOND DEFENSE

57. Plaintiff's action is barred by the doctrine of payment, partial or whole.

### AS AND FOR DEFENDANTS' THIRD DEFENSE

58. To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C § 255 (a), or any similar state labor law, such claims of Plaintiff are barred.

### AS AND FOR DEFENDANTS' FOURTH DEFENSE

59. To the extent that Defendants' actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor or New York Department of Labor, Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. §§ 258 and 259.

**AS AND FOR DEFENDANTS' FIFTH DEFENSE**

60.     To the extent that any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the Fair Labor Standards Act ("FLSA") or New York law, Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260.

**AS AND FOR DEFENDANTS' SIXTH DEFENSE**

61.     Defendants, at all times, acted in good faith to comply with the FLSA and New York law and with reasonable grounds to believe that their actions did not violate the FLSA or New York law, and Defendants assert a lack of willfulness or intent to violate the FLSA or New York law as a defense to any claim by Plaintiff for liquidated damages.

**AS AND FOR DEFENDANTS' SEVENTH DEFENSE**

62.     Plaintiff's claims are barred in whole or in part to the extent that the work he performed falls within exemptions, exclusions, exceptions, offsets or credits permissible under the FLSA or New York law, including those provided for in 29 U.S.C. §§ 207, 213.

**AS AND FOR DEFENDANTS' EIGHTH DEFENSE**

63.     To the extent applicable, Plaintiff's claims are barred by the doctrines of waiver, unclean hands, estoppel, and/or laches.

**AS AND FOR DEFENDANTS' NINTH DEFENSE**

64.     Even if Defendants, in fact, failed to pay Plaintiff appropriately for any of the activities alleged in the Complaint, to the extent that such activities do not constitute compensable work under the FLSA and/or other applicable state laws, and furthermore, to the

extent that such activities were not an integral and indispensable part of Plaintiff's principal activities of employment, they are not compensable.

## AS AND FOR DEFENDANTS' TENTH DEFENSE

65. Plaintiff's claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities which were preliminary to his principal activities or incidental to them.

## AS AND FOR DEFENDANTS' ELEVENTH DEFENSE

66. Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curat lex*.

## AS AND FOR DEFENDANTS' TWELFTH DEFENSE

67. Plaintiff's New York Labor Law claims are barred in whole or in part, to the extent Defendants are not covered by the New York Department of Labor Wage Order or any other Wage Order.

## AS AND FOR DEFENDANTS' THIRTEENTH DEFENSE

68. Plaintiff is not entitled to equitable relief insofar as he has an adequate remedy at law.

## AS AND FOR DEFENDANTS' FOURTEENTH DEFENSE

69. Supplemental or pendant jurisdiction should not be exercised over Plaintiff's New York Labor Law Claims.

## AS AND FOR DEFENDANTS' FIFTEENTH DEFENSE

70. Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice, and/or procedure promulgated and/or tolerated by Defendants.

### AS AND FOR DEFENDANTS' SIXTEENTH DEFENSE

71. Assuming *arguendo* that Defendants violated any provision of the FLSA or New York Labor Law, such violation was not pursuant to a uniform policy or plan.

### AS AND FOR DEFENDANTS' SEVENTEENTH DEFENSE

72. Defendants have not willfully failed to pay Plaintiff any wages and/or monies claimed to be due, and there is a *bona fide*, good faith dispute with respect to Defendants' obligation to pay any sum that may be alleged to be due.

### AS AND FOR DEFENDANTS' EIGHTEENTH DEFENSE

73. Plaintiff is not entitled to an award of prejudgment interest if he prevails on any or all of the stated claims.

### AS AND FOR DEFENDANTS' NINETEENTH DEFENSE

74. Plaintiff's Complaint fails to state facts sufficient to entitle Plaintiff to any relief, including, but not limited to, the failure to properly state facts sufficient to identify any actual or threatened harm to Plaintiff beyond pure speculation, the failure to allege facts showing that Plaintiff has no adequate remedy at law, and the proposal of relief that would impose an undue burden on both Defendants and the Court and be so uncertain as to be wholly unenforceable.

### AS AND FOR DEFENDANTS' TWENTIETH DEFENSE

75. To the extent that discovery reveals that Plaintiff falsely reported his hours and there is no evidence that Defendants required the false reporting of hours; no evidence that Defendants encouraged Plaintiff to falsely report his hours; and no evidence that Defendants knew or should have known that Plaintiff was providing false information as to his hours, Defendants hereby invoke the doctrines of estoppel and avoidable consequences to bar the

claims asserted by the Plaintiff. *See Brumbelow v. Quality Mills, Inc*., 462 F.2d 1324, 1327 (5th Cir. 1972).

### AS AND FOR DEFENDANTS' TWENTY-FIRST DEFENSE

76. To the extent that Defendants are or were neither an "enterprise," nor an "enterprise engaged in commerce," under the FLSA, Defendants were not obligated to pay overtime under the FLSA.

### AS AND FOR DEFENDANTS' TWENTY-SECOND DEFENSE

77. Plaintiff's Complaint is deficient and must be dismissed to the extent Plaintiff has failed to fulfill jurisdictional or statutory prerequisites to suit.

### AS AND FOR DEFENDANTS' TWENTY-THIRD DEFENSE

78. The Complaint is barred in whole or in part to the extent that such claims have been released, waived, discharged and/or abandoned.

### AS AND FOR DEFENDANTS' TWENTY-FOURTH DEFENSE

79. Plaintiff lacks standing to file and/or prosecute this action against Defendants and/or to receive any attorney's fees.

### AS AND FOR DEFENDANTS' TWENTY-FIFTH DEFENSE

80. Assuming *arguendo* that Plaintiff is entitled to recover additional compensation for himself, Defendants have not willfully or intentionally failed to pay such additional compensation, and as such the remedies available to Plaintiff are appropriately limited thereby.

### AS AND FOR DEFENDANTS' TWENTY-SIXTH DEFENSE

81. Defendants were not Plaintiff's employers within the meaning of the FLSA or New York law.

**WHEREFORE**, it is respectfully requested that the Complaint be dismissed in its entirety, with prejudice, and that Defendants be awarded their reasonable attorney's fees and such other and further relief as the Court deems just and proper.

Dated: Woodbury, New York
April 29, 2015

                                            Kaufman Dolowich & Voluck, LLP
                                            *Attorneys for Defendants Khalil Deli & Grocery,*
                                            *Inc., and Khalil Al Falhani*

                                     By:   */s/ Keith S. Gutstein*
                                                  Keith Gutstein
                                                  135 Crossways Park Drive, Suite 201
                                                  Woodbury, New York 11797
                                                  (516) 681-1100
                                                  kgutstein@kdvlaw.com

ND: 4838-8790-7107, v. 2